THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. KENNITH MANNING<br><br>2. JERMELL MARSHALL<br><br><br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 23-1688 C |

**COMPLAINT**

**INTRODUCTION**

1. This is a civil action brought by plaintiffs Kennith Manning and Jermell Marshall. Mr. Manning is an employee and Mr. Marshall was an employee of the defendant United States of America ("defendant"), in its Department of Justice, Drug Enforcement Administration ("DEA"). Plaintiff Manning is currently employed as a Telecommunications Specialist, GS-0391-13, step 1 (hereinafter GS-0391-grade/step) and until July 29, 2023, Plaintiff Marshall was employed as a Telecommunications Specialist GS-0391-12/2. Plaintiffs bring this action on behalf of themselves, and all similarly situated GS -0391 Telecommunication Specialists at DEA ("the others") who are or were misclassified by Defendant as exempt from the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., ("FLSA"). As a result of their

FLSA misclassification, Plaintiffs worked more than 40 hours per week without receiving overtime pay at the applicable FLSA rates. Plaintiffs seek to recover from Defendant back pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Back Pay Act, 5 U.S.C. § 5596, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA"), and other applicable laws.

2. Plaintiffs and the others are or were employed by Defendant as employees who were required by Defendant, and its agency DEA, to perform their regular duties for Defendant and its agency DEA without being paid for their labor on their regularly scheduled pay days commencing at various times from September 28, 2020 and thereafter.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 5596, 28 U.S.C. § 1491, and 29 U.S.C. § 216(b).

## THE PARTIES

4. Plaintiff Manning is and Plaintiff Marshall was an employee of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2015, 5541.

5. Attached to this Complaint as Exhibit A are plaintiffs' signed individual consent forms to be included as parties to this action pursuant to 29 U.S.C. § 216(b).

6. Defendant involved agency, DEA, is, and at all material times has been, an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596, and a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x).

## GENERAL ALLEGATIONS

7. Plaintiff Kennith Manning is employed by the DEA as a GS-0391 Telecommunications Specialist and has been so employed since at least January 2021. As a GS-0391, plaintiff participates in and supports DEA's drug investigations.

8. Effective January 15, 2023, pay period 2, DEA promoted plaintiff Manning from a GS-0391-12, Step 2 (hereafter GS-0391-grade/step) to a GS-0391-13/1. Effective with plaintiff Manning's promotion, DEA classified him as exempt from the FLSA overtime pay provisions. From that date to at least July 15, 2023, DEA wrongfully denied him the FLSA pay to which he is entitled.

9. Effective January 16, 2022, pay period 2, DEA promoted plaintiff Manning from a GS-0391-11/1 to a GS-0391-12/1. However, he did not receive compensation as a GS-0391-12/1 until pay period 3, 2022. Thereby, DEA denied him compensation as a GS-0391-12/1 for one full pay period.

10. For every pay period he did not receive basic pay at the grade and step to which he was entitled, DEA underpaid plaintiff Manning premium pay.

11. Plaintiff Jermell Marshall was employed by DEA as a GS-0391 Telecommunications Specialist from March 2021 through July 2023. As a GS-0391, plaintiff participated in and supported DEA's drug investigations.

12. Effective July 17, 2022, pay period 15, DEA promoted plaintiff Marshall from a GS-0391-11/ 2 to a GS-0391-12/1.

13. Plaintiff Marshall did not receive compensation as a GS-0391-12/1 until pay period 20, five pay periods after the effective date of his promotion. Thereby, DEA denied him full compensation as a GS-0391-12/1 for five full pay periods.

14.     For every pay period he did not receive basic pay at the grade and step to which he was entitled, DEA underpaid plaintiff Marshall premium pay.

15.     Plaintiff Marshall received an outstanding rating as a GS-0391-11 on his performance appraisal prior to March 13, 2022.  His supervisory personnel belatedly requested plaintiff Marshall be promoted, with the effective date of March 13, 2022.

16.     Plaintiff Marshall was not promoted from a GS-0391-11 to a GS-0391-12 until July 17, 2022, pay period 15.  Therefore, he was denied the promotion he was due for nine pay periods.

17.     Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

18.     Defendant and its officers and agency, DEA, failed to pay plaintiffs Manning and Marshall on the effective date of their promotions thereby denying them the compensation at the GS-0391 grades and steps they were due. This failure constituted a reduction and denial of pay, differentials and premium pay otherwise due plaintiffs Marshall and Manning under the FLSA and the Back Pay Act, 5 U.S.C. § 5596.

19.     Under the FLSA and OPM regulations, employees are presumed to be FLSA non-exempt, and defendant carries the burden of demonstrating by clear and convincing evidence that plaintiffs are FLSA exempt.

20. Effective January 15, 2023, defendant considered and treated plaintiff Manning as FLSA exempt and has not accorded him the rights and benefits to which FLSA non-exempt employees of defendant are entitled.

21. Effective September 25, 2022 through July 29, 2023 when he left DEA employment, defendant considered and treated plaintiff Marshall as FLSA exempt and did not accord him the rights and benefits to which FLSA non-exempt employees of defendant are entitled.

22. If plaintiffs were properly classified as non-exempt from the FLSA, they would have received overtime pay at the rate of time and one-half their FLSA regular rate for all hours worked in excess of 40 hours per week.

23. Defendant and its officers and agency, DEA, wrongfully and willfully violated the provisions of the FLSA by failing and refusing to provide plaintiffs the pay and benefits due them under the FLSA.

24. Defendant and its officers and agency, DEA, have repeatedly violated the FLSA in the past by misclassifying their GS-0391 employees as FLSA exempt.

**COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiffs bring their FLSA and Back Pay claims Act on behalf of themselves and the others, who work or have worked for Defendant as GS-12 – GS-13 Telecommunication Specialists exempt from the FLSA and who may elect to join this action as plaintiffs.

26. Defendant is liable under the FLSA and the Back Pay Act for, *inter alia*, failing to properly compensate plaintiffs and the other GS-12 and GS-13 GS-0391 Telecommunication Specialists who join this action. There are many similarly situated current and former GS-12 and GS-13 Telecommunication Specialists employed by Defendant who have been improperly

exempted from the FLSA in violation of the FLSA and Back Pay Act who would benefit from the issuance of a court-supervised notice of the present lawsuit and their opportunity to join as plaintiffs in this case. Those similarly situated employees are known to Defendant and DEA, or are readily identifiable, and can be located through Defendant's records.

## COUNT ONE

**(Failure to Properly Compensate Plaintiffs and the Others for Overtime Work Under the FLSA)**

27. Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 26 above.

28. Defendant wrongfully and willfully denied plaintiffs and the others coverage under FLSA and wrongfully and willfully withheld overtime compensation due them by failing and refusing to pay them in accordance with FLSA for hours worked in excess of 40 hours per week.

29. Thus, at all times material herein, defendant violated, and continues to violate the overtime pay provisions of section 7(a) of the FLSA by failing to pay plaintiffs and the others at the FLSA time and one-half rate for each overtime hour worked by them.

## COUNT TWO

**(Failure to Timely Pay Plaintiffs Manning and Marshall on the Effective Date of Their Promotions)**

30. Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1-29 above.

31. Defendant failed to pay plaintiffs Manning and Marshall and the others the pay and benefits due them on the effective date of their promotions to a higher grade, including the amount due for any and all premium pay.

32. Thus, at all times material herein, defendant committed unjustified and unwarranted personnel actions which resulted in a reduction in pay and benefits to plaintiffs Manning and Marshall and the others.

## COUNT THREE

**(Failure to Promote Plaintiff Marshall on the Date He was Entitled to a Grade Increase.)**

33. Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 - 32 above.

34. Defendant failed to promote plaintiff Marshall to a GS-0391-12 Telecommunications Specialist effective March 15, 2022, the date on which he was eligible for promotion as verified and requested by his supervisor.

35. Thus, defendant committed an unjustified and unwarranted personnel action which resulted in a reduction in pay and benefits to plaintiff Marshall.

## COUNT FOUR

**(Request for Back Pay, Liquidated Damages, Interest, Attorneys' Fees and Costs)**

36. Plaintiffs incorporate by reference herein the allegations contained in Paragraph 1 through 35 above.

37. As a result of the wrongful and willful violations of law by defendant and its officers and agents as alleged in the claims specified above, there is due and owing to plaintiffs and the others various amounts of back pay, liquidated damages, interest, attorneys' fees and costs. Employment, time, work, pay, leave and other records relating to plaintiffs and the others are in the possession, control, and custody of defendant and its officers and agents, and plaintiffs and the others are unable to state at this time the exact amount of pay, benefits, and liquidated damages which are due and owing to them. Defendant and its officers and agents are under a

duty imposed by 5 C.F.R. § 293, § 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to plaintiffs and the others from which the amounts of defendant's liability to plaintiffs may be determined.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiffs pray that this Court:

a) Designate this action an FLSA collective action on behalf of Plaintiffs and the others, and issue notice pursuant to 29 U.S.C. § 216(b), to all similarly situated employees apprising them of the pendency of this action, permitting them to assert their timely FLSA claims in this action by filing individual Consents to Join, pursuant to 29 U.S.C. § 216(b), and toll the statute of limitations;

b) Order defendant, subject to rules and regulations to be established by this Court which conform with the FLSA and Back Pay Act, to conduct a full, complete and accurate accounting of all wages, including overtime wages, premium and other pay, interest, and liquidated damages due and owing to plaintiffs and the others as is sought herein;

c) Award plaintiffs Manning and Marshall, and the others, the back pay and interest they are due as a result of defendant failing to pay them on the effective dates of their promotions to a higher grade and step;

d) Award all plaintiffs, and the others, such FLSA overtime back pay, premium pay, liquidated damages, and interest under the Back Pay Act from the date of the denial of such pay and entitlements until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by defendant under applicable federal laws and regulations;

e) Award plaintiffs, and the others, reasonable attorneys' fees and costs to be paid by defendant under the FLSA, the Back Pay Act, 5 U.S.C. § 5596, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B);

f) Issue a call upon defendant pursuant to 28 U.S.C. § 2507, requiring the production of information or papers of defendant establishing defendant's liability herein; and,

g) Grant to plaintiffs and the others, such other relief as the Court deems just and proper.

OF COUNSEL:

| | |
|---|---|
| Jules Bernstein<br>BERNSTEIN & LIPSETT, P.C.<br>1629 K Street, N.W., Suite 1050<br>Washington, D.C. 20006<br>(202) 296-1798<br>(202) 496-0555 facsimile<br>chouse@bernsteinlipsett.com | Respectfully submitted,<br><br>**/s/Linda Lipsett**<br>Linda Lipsett (Counsel of Record)<br>BERNSTEIN & LIPSETT, P.C.<br>1629 K Street, N.W., Suite 1050<br>Washington, D.C. 20006<br>(202) 296-1798<br>(202) 496-0555 facsimile<br>chouse@bernsteinlipsett.com |
| Daniel M. Rosenthal<br>Alice Hwang<br>JAMES & HOFFMAN, P.C.<br>1629 K Street, N.W., Suite 1050<br>Washington, D.C. 20006<br>(202) 496-0500<br>(202) 496-0555 facsimile<br>dmrosenthal@jamhoff.com<br>achwang@jamhoff.com | *Attorneys for Plaintiff* |

Dated: September 29, 2023

-10-

# EXHIBIT A

## EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT AND OTHER FEDERAL LAWS
### PLEASE TYPE OR PRINT CLEARLY

I hereby consent to be a plaintiff and claimant in litigation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and other federal laws, to recover back pay, liquidated damages and other relief from the United States. If this case does not proceed, I consent to join any other civil action to assert the foregoing and other related claims.

Name (Please Print): _Kennith E. Manning_

Signature: _[signature]_

Date: _August 10, 2023_

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT**
**AND OTHER FEDERAL LAWS**
**PLEASE TYPE OR PRINT CLEARLY**

I hereby consent to be a plaintiff and claimant in litigation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and other federal laws, to recover back pay, liquidated damages and other relief from the United States. If this case does not proceed, I consent to join any other civil action to assert the foregoing and other related claims.

Name (Please Print):  Jermell Marshall

Signature:  *[signature]*

Date:  8/15/2023

## CERTIFICATE OF SERVICE

Pursuant to the Rule 4 of the United States Court of Federal Claims, service of this complaint on Defendant United States of America will be effectuated by the clerk of the court.

**/s/ Linda Lipsett**
Linda Lipsett